IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 29 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-00675-ZLW

JAMES H. MAXWELL,

    Plaintiff,

v.

COORS DISTRIBUTING COMPANY,

    Defendant.

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

The matters before the Court are Plaintiff James H. Maxwell's Motion for Reconsideration and his Motion to Raise both filed with the Court on July 25, 2005. In both Motions, Plaintiff asserts claims regarding the dismissal of the instant action. The Court will consider both Motions as Motions for Reconsideration.

Mr. Maxwell currently is held at the Denver County Jail in Denver, Colorado. On June 15, 2005, Mr. Maxwell filed with the Court a Prisoner Complaint pursuant to **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971), and 28 U.S.C. § 1331. On July 19, the Court dismissed the Complaint without prejudice pursuant to Fed. R. Civ. P. 12(h)(3). For the reasons stated below, Plaintiff's Motions for Reconsideration will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A post-judgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. ***Id.***; ***see also Dalton v. First Interstate Bank***, 863 F.2d 702, 703 (10th Cir. 1988). A motion for reconsideration filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). ***Van Skiver***, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. ***Van Cauwenberghe v. Biard***, 486 U.S. 517, 521-22 (1988); ***In re Durability, Inc.***, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." ***Sherr v. Sierra Trading Corp.***, 492 F.2d 971, 978 (10th Cir. 1974). The Order filed on July 19 dismissed the Complaint and action pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. The instant Motions were filed on July 25. Plaintiff has filed the Motions within ten days of the final judgment in the instant action. ***See*** Fed. R. Civ. P. 6(a). Therefore, the Motions properly are filed as motions to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

A motion for reconsideration that reiterates issues originally raised in the complaint and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). ***Van Skiver***, 952 F.2d at 1244. The three major grounds that justify reconsideration are: (1) an intervening change in

controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  **See Shields v. Shetler**, 120 F.R.D. 123, 126 (D. Colo. 1988).  As discussed below, Mr. Maxwell does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice.

In the Motions, Plaintiff contends that the Court was remiss in only referring to one claim, because he had identified three claims in the Complaint.  Whether or not the Court referenced to one claim as opposed to multiple claims does not effect the finding of the Court.  Although Plaintiff identified three separate claims, claims two and three simply support the claim Plaintiff sets forth in claim one, which is that the Coors Distributing Company is in violation of the Food, Drug, and Cosmetic Act.

Mr. Maxwell also asserts that the Court was mistaken in finding that he failed to assert an injury to himself.  He further argues that he did state an injury, because he asserted that Defendant fails to provide a warning of possible addiction on the cans or bottles of alcohol that it distributes.  Again, the Court finds that Plaintiff does not assert an injury due to Defendant's failure to provide warnings of addiction.  Plaintiff does not claim an addiction.  Nonetheless, any claim of injury is insignificant, as the Court lacks subject matter jurisdiction in the instant case, pursuant to Fed. R. Civ. P. 12(h)(3), to determine the merits of Plaintiff's claims.  Therefore, the Motions will be denied.  Accordingly, it is

ORDERED that Plaintiff's Motions for Reconsideration, filed July 25, 2005, are construed as filed pursuant to Fed. R. Civ. P. 59(e) and are denied.

DATED at Denver, Colorado, this 26 day of Aug., 2005.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-00675-OES

James H. Maxwell
Reg. No. 569726
Denver County Jail
P.O. Box 1108
Denver, CO 80201

   I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  8/29/05

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk